UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
LAFRANCIS GRAY-DAVIS,
*on her own and on behalf of her son*,

                                 Plaintiffs,
                v.                                          5:14-CV-1490
                                                               (GTS/TWD)
STATE OF NEW YORK, et al.,
                                 Defendants.
───────────────────────────────────────

APPEARANCES

LAFRANCIS GRAY-DAVIS
Plaintiff pro se
439 Gifford Street
Syracuse, NY 13204

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**ORDER**

      Presently before the Court is a pro se complaint and application to proceed *in forma pauperis* filed by Plaintiff LaFrancis Gray-Davis. (Dkt. Nos. 1 and 2.)

      Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2) A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

      Generally, the Court would conduct an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) immediately after granting the motion to proceed *in forma pauperis*. Here, however, there is an impediment to that initial review because Plaintiff lists her minor son as a plaintiff. (Dkt. No. 1 at 1, 2.)

---

    [1]     Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

Minors cannot appear on their own behalf in federal court. Fed. R. Civ. P. 17. Further, Plaintiff, who is not an attorney and is not represented by counsel, cannot serve as her child's representative. "[A] lay person may not . . . appear on behalf of his or her own minor child." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). *See also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (joining "all other circuit courts addressing the issue [that] have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer.").[2] Thus, as this case currently stands, Plaintiff's minor son is not properly represented.

The Second Circuit has instructed that a court may not "make a merits determination of claims filed on behalf of a minor . . . who is not properly represented." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). Thus, this Court may not undertake its initial review of the merits of the complaint before granting Plaintiff an opportunity to obtain counsel or to seek representation from a pro bono attorney or agency. *Id.* at 135. Therefore, it is ordered that this case be stayed for ninety days in order to give Plaintiff time to retain counsel, at least for her minor son. If there is no appearance by counsel on behalf of Plaintiff's minor son on or before March 18, 2015, then the Court will issue a Report and Recommendation to the assigned district court judge recommending that the claims asserted on behalf of Plaintiff's minor son be dismissed without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2 ) is

---

[2] Because of statutory language in the Social Security Act, courts generally depart from this rule in Social Security cases and allow parents to proceed pro se on behalf of their minor children. *See Maldonado v. Apfel*, 55 F. Supp. 2d 296, 302 n.7 (S.D.N.Y. 1999) (collecting cases).

**GRANTED**; and it is further

**ORDERED** that this case be stayed for ninety days in order to give Plaintiff time to obtain counsel for her minor son. If there is no appearance by counsel on behalf of Plaintiff's minor son on or before March 18, 2015, then the Court will issue a Report and Recommendation to the assigned district court judge recommending that the claims asserted on behalf of the child be dismissed without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff.


Dated: December 18, 2014
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge