UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LaFRANCIS GRAY-DAVIS; and MYRELL DAVIS,

                        Plaintiffs,

                                                                  5:14-CV-1490
v.                                                                (GTS/TWD)

STATE OF NEW YORK; PAUL RIGBY, Senior
Parole Officer; TAMMY GRONAU, Parole Officer;
MR. GREEN, Parole Officer; MR. MAHER, Parole
Officer; MS. DELANEY, Parole Officer; MR.
FREGOE, Parole Officer; MS. MONTFORD,
Supervisor Parole Officer; ROBERT BUTERA,
Parole Officer; ANTHONY J. ANNUCCI, Acting
Comm'r of Dep't of Corr. and Cmty. Supervision;
TINA M. STANFORD, Chair of Bd. of Parole;
RANDY W. BLUME, Assist. Comm'r of Onondaga
Cnty. Dep't of Corr.; TIMOTHY H. COWIN,
Comm'r of Onondaga Cnty. Dep't of Corr.; CNTY.
OF ONONDAGA; ONONDAGA CNTY. DEP'T OF
CORR.; CITY OF JAMESVILLE; CITY OF
SYRACUSE; SYRACUSE CITY POLICE DEP'T;
JOHN DOE NOS. 1-4, Parole Officers; JOHN DOE
NOS. 5-15, Syracuse City Police Officers; and JOHN
DOE 16, Chief of Syracuse City Police;

                        Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

LAFRANCIS GRAY-DAVIS
  Plaintiff, *Pro Se*
439 Gifford Street
Syracuse, New York 13204

DeROBERTS LAW FIRM                          JEFFREY DeROBERTS, ESQ.
  Counsel for Plaintiff Myrell Davis
333 East Onondaga Street, 3rd Floor
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this civil rights action filed by LaFrancis Gray-Davis and her minor son Myrell Davis ("Plaintiffs"), against the above-captioned entities and individuals ("Defendants") arising from two searches by police and the institution of special conditions by parole officers between December 2013 and April 2014, is the Report-Recommendation of United States Magistrate Thérèse Wiley Dancks recommending that certain of Plaintiffs' claims be dismissed with prejudice, certain of the claims be dismissed without prejudice (and with leave to amend as authorized by the Court), and certain of the claims survive the Court's initial review of Plaintiffs' Complaint. (Dkt. No. 6.) Plaintiffs have not filed an objection to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

When *no* objection is made to a report-recommendation, the Court subjects that report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Here, based upon a review of this matter, the Court can find no clear error in Magistrate Judge Dancks' thorough Report-Recommendation. (Dkt. No. 6.) Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id*.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims are <u>**DISMISSED**</u> **with prejudice** and **without leave to amend**:

- (1) all claims against Defendant State of New York;
- (2) all claims against Defendant Onondaga County Department of Corrections;
- (3) all claims against Defendant Syracuse City Police Department;
- (4) Plaintiffs' 42 U.S.C. § 1983 claims for money damages against Defendants Annucci, Stanford, Rigby, Gronau, Green, Maher, Delaney, Fregoe, Montford, Butera, and John Doe Nos. 1-4;
- (5) Plaintiffs' claim for violation of their Fifth and Ninth Amendment rights; and it is further

**ORDERED** that the following claims **shall be** <u>**DISMISSED**</u> **with prejudice** and without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiffs file an Amended Complaint correcting the pleading deficiencies referenced in Magistrate Judge Dancks' Report-Recommendation:

- (1) Plaintiffs' claims against Defendant County of Onondaga;
- (2) Plaintiffs' claims against Defendant Hamlet of Jamesville (a/k/a City of Jamesville);
- (3) Plaintiffs' claims against Defendant City of Syracuse;

(4) Plaintiffs' claims against Defendants Butera, Blume, Cowin and John Doe No. 16; and

(5) Plaintiffs' claims against Defendants Annucci and Stanford (**EXCEPT** for their 42 U.S.C. § 1983 claims for money damages against those two Defendants in their official capacities, which claims again are dismissed with prejudice and without leave to amend); and it is further

**ORDERED** that any Amended Complaint that Plaintiffs chose to file shall be a complete pleading, which will supersede their original Complaint in all respects, and may not incorporate any portion of the original Complaint by reference, in accordance with Local Rule 7.1(a)(4) of the District's Local Rules of Practice; and it is further

**ORDERED** that Plaintiffs' remaining claims–i.e., their claims against Defendants Rigby, Gronau, Green, Maher, Delaney, Fregoe, and Montford ("Remaining Defendants") for violation of Plaintiffs' First, Fourth and Fourteenth Amendment rights–**SURVIVE** the Court's initial review of the Complaint; and it is further

**ORDERED** that the District Court shall issue summonses, along with copies of the Complaint and General Order 25, to the United States Marshal for service upon the remaining Defendants; and it is further

**ORDERED** that counsel for the Remaining Defendants shall file a formal response to the surviving claims in the Complaint in accordance with Federal Rules of Civil Procedure; and it is further

**ORDERED** that Plaintiffs shall take reasonable steps to identify Defendant John Doe Nos. 1-15 and, if necessary, make a motion seeking leave to amend her pleadings to add the proper party; and it is hereby

**ORDERED** that the Clerk of Court serve a copy of this Decision and Order upon Plaintiff LaFrancis Gray-Davis by regular mail.

Dated: May 5, 2015
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge