UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LaFRANCIS GRAY-DAVIS, on her own and on
behalf of her son, Myrell Davis; and MYRELL
DAVIS,

                       Plaintiffs,                5:14-CV-1490

v.

JOHN DOE NOS. 1-4, Parole Officers,

                       Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LaFRANCIS GRAY-DAVIS<br>  Plaintiff, *Pro Se*<br>439 Gifford Street<br>Syracuse, NY 13204 | |
| DeROBERTS LAW FIRM<br>  Attorney for Myrell Davis<br>The Monroe Building, 3rd Floor<br>333 East Onondaga Street<br>Syracuse, NY 13202 | JEFFREY DeROBERTS, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br>  Counsel for Defendants<br>615 Erie Boulevard West, Suite 102<br>Syracuse, NY 13204-2455 | TIMOTHY P. MULVEY, ESQ.<br>Assistant Attorney General |

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

On March 31, 2016, the Court issued a Decision and Order that, *inter alia*, directed LaFrancis Gray-Davis and Myrell Davis ("Plaintiffs") to take reasonable steps to identify John Doe Nos. 1-4, and set the deadline for Plaintiffs to move to amend their Complaint as May 31,

2016. (Dkt. No. 40, at 18-19.) Instead of doing so, Plaintiffs filed a notice of interlocutory appeal on May 2, 2016. (Dkt. No. 41.) On July 6, 2016, the Second Circuit dismissed Plaintiffs' appeal. (Dkt. No. 43.) As of the date of this Decision and Order, Plaintiffs have neither moved to amend their Complaint nor requested an extension of the deadline to do so. (*See generally* Docket Sheet.)

Even if the Court were to liberally construe the pendency of Plaintiffs' interlocutory appeal (which was filed 32 days into the 61-day motion-filing deadline) as having tolled the motion-filing deadline, the Court would find that the motion-filing deadline expired on August 4, 2016 (29 days after the issuance of the Second Circuit's dismissal). As a result, the Court finds that Plaintiffs have willfully failed to comply with the Court's Decision and Order of March 31, 2016.[1]

The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute or failure to obey a court order under Fed. R. Civ. P. 41(b):

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to

---

[1] Furthermore, to the extent such a finding is required by Fed. R. Civ. P. 83(a)(2), the Court finds that Plaintiffs' failure was willful. The Court notes that Plaintiff Myrell Davis is represented by counsel, and that Plaintiff LaFrancis Gray-Davis received a courtesy copy of both the Local Rules of Practice and *Pro Se* Handbook on December 11, 2014. (Dkt. No. 3.)

> due process and a fair chance to be heard and (5) whether the judge
> has adequately assessed the efficacy of lesser sanctions.

*Hevner v. Village East Towers, Inc.*, No. 07-5608, 2008 WL 4280070, at *1-2 (2d Cir. Sept. 18, 2008) [citation omitted].

Here, with regard to the first factor, the Court finds the duration of Plaintiffs' failures to be between 50 and 114 days (having begun, at the latest, on August 4, 2016, and more appropriately, on May 31, 2016). While such a delay is not as egregious as some other delays, it is certainly significant, especially when considered in light of the fact that Plaintiffs' pursuit of their claims against John Doe Nos. 1-4 before March 31, 2016 (when the Court issued its final directive) can hardly be characterized as diligent. (Dkt. No. 40, at 18.) As a result, the Court finds that this factor weighs, albeit slightly, in favor of dismissal.

With regard to the second factor, the Court finds that Plaintiffs received adequate notice that further delays would result in dismissal. More specifically, the Court finds that Plaintiffs received such notice through the following five docket entries: Dkt. No. 3, at 3 [Acknowledgment of Receipt, acknowledging receipt of courtesy copy District's *Pro Se* Handbook, page 8 and 9 of which regard to duty to identify John Doe Defendants]; Dkt. No. 6, at 17-18 [Report-Recommendation, reminding Plaintiffs of duty]; Dkt. No. 7, at 5 [Decision and Order, reminding Plaintiffs of duty]; Dkt. No. 40, at 18 ["<u>Plaintiffs are again reminded . . . that they must take reasonable steps to identify John Doe Nos. 1-4, and move to amend their Complaint to name the proper parties, or their Complaint will be dismissed</u>."] [emphasis in original]. As a result, the Court finds that this factor weighs in favor of dismissal.

With regard to the third factor, the Court finds that the prejudice posed to Defendants by Plaintiffs' failure is exacerbated by the age of the case (which was filed on December 11, 2014), the number of events giving rise to Plaintiffs' claims, and the dates of those events (which occurred between July 30, 2013, and April 1, 2014). Under the circumstances, a further delay may well affect witnesses' memories, the ability to locate witnesses (who might retire from, or be transferred within, the New York State Division of Parole and/or New York State Department of Corrections and Community Supervision), and the preservation of evidence. *See Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). As a result, the Court finds that this factor weighs in favor of dismissal.

With regard to the fourth factor, the Court finds that the need to alleviate congestion on the Court's docket outweighs Plaintiffs' right to receive a further chance to be heard in this case (which has been pending since December 11, 2014). The Court notes that "[i]t is the need to monitor and manage cases such as this one that delay the resolution of other cases, and that contribute to the Second Circuit's relatively long median time to disposition for such civil cases." *Coleman v. Syracuse*, 14-CV-1521, 2016 WL 770058, at *2 (N.D.N.Y. Jan. 14, 2016) (Dancks, M.J.). As a result, the Court finds that this factor weighs in favor of dismissal.

With regard to the fifth factor, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances. For example, based on Plaintiffs' prior disregard of the Court's admonishment of May 31, 2016, the Court finds that an order reprimanding Plaintiffs for their dilatory conduct would likely be futile. In addition, in

4

light of Plaintiff LaFrancis Gray-Davis' *in forma pauperis* status (and the fact that Plaintiff Myrell Davis is her minor child), the Court finds that issuing monetary sanctions would not be an effective remedy. The Court notes that, while district courts in this Circuit have a duty to extend special solicitude to *pro se* litigants like Plaintiff LaFrancis Gray-Davis, those litigants are not excused from complying with court orders. *See McDonald v. Head of Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming the district court's dismissal of a pro se plaintiff's complaint due to the plaintiff's bad faith non-compliance with a court order). As a result, the Court finds that this factor weighs in favor of dismissal.

In sum, after balancing the above-described five factors, the Court finds that they weigh decidedly in favor of dismissal.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' claims against John Doe Nos. 1-4, as well as Plaintiffs' Complaint (Dkt. No. 1), are **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court shall issue a Judgment for Defendants and close this action.

Dated: September 23, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge